[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6969
Chamlong Riley and Daniel J. Riley, the parties hereto, intermarried on May 24, 1986 at Brooklyn, Connecticut.
The parties have resided in Connecticut for at least one year next preceding the date of the complaint. There are no minor children issue of the marriage and no minor children have been born to the plaintiff wife since the date of the marriage.
The plaintiff is employed at International Paper in Putnam and the defendant is employed at HiWay Lanes in Plainfleid. Both parties have been married before and the defendant had two minor children from his prior marriage. The parties experienced some difficulties a few years after the marriage. The plaintiff asked the defendant to attend marriage counseling when she felt that there were problems in communicating. She hoped this would make the marriage better. The defendant refused to go to counseling and as time progressed became more withdrawn. The plaintiff testified that conjugal relations became infrequent and as Mr. Riley became withdrawn he refused to discuss with the plaintiff her desire for more intimacy. The parties grew apart despite the plaintiff's efforts to improve their respective wants.
In 1997, the parties separated approximately three weeks after a mild physical altercation. They have lived separately ever since.
The court finds, based on the evidence and provisions of Connecticut General Statutes § 46b 81(c)[1] the marriage of the parties has broken down irretrievably and there is no prospect for reconciliation. The following orders shall enter.
A decree of dissolution based on irretrievable breakdown.
The defendant, at the time of his marriage, owned a piece of property which was solely his located at 110 Cottage Street, Danielson, Connecticut. That property was sold on December 27, 1989, and the defendant received prior to taxes $79,782.32 after payment of all mortgages or costs of sale.
Two years prior to the sale herein the defendant had on April 10, 1987, purchased a building lot in his own name located at Squaw Rock Road in Plainfield. At that time the plaintiff and defendant resided at 51 Cottage Road in Killingly. CT Page 6970
The plaintiff did not contribute any portion of the purchase price. On June 1, 1987, the parties entered into a retail installment sales contract secured by a second mortgage whereby the parties purchased a residential building kit package for construction of a single family residence in the amount of $69,473 from Milo Homes Division of Inselco Corporation.
Subsequently, the defendant paid down the mortgage and refinanced in 1992 the property in the amount of $54,000 for which he alone was obligated. The plaintiff having no obligation in this mortgage. The plaintiff purchased from her finds all the appliances for the house as well as the curtains, drapes and any window treatments.
During the construction period the defendant devoted initially all his spare time to either work or construction of the dwelling which he endeavored to do mostly himself. This led the plaintiff to complain that for almost a year the defendant ignored her.
Of the proceeds of the sale of 150 Cottage Street in Killingly, the testimony of the parties was that approximately $39,000 was spent for tuition and auto/transportation for the college expenses of the two minor children issue of the defendant's first marriage. The additional sum of $30,000 was taken from various C.D. and investment accounts to pay the defendant's credit card bills and other loans accumulated during the marriage after the separation of the parties. Mrs. Riley has since filed for individual bankruptcy and been discharged.
The parties testified that they kept separate expense accounts and that Mrs. Riley paid for all the food consumed by the parties and Mr. Riley paid the balance of all other bills. Mrs. Riley paid her own credit card bills with the exception of the appliances and window decorations Mrs. Riley made no contribution to the mortgage payments or deposit for the house or its furnishings.
The court finds the dwelling to be valued at $101,000 subject to $75,000 in first and second mortgages with equity of approximately $25,000.
Accordingly, the court orders the following financial orders. CT Page 6971
The court orders the dwelling at 56 Squaw Rock Road, Moosup, Connecticut to the defendant free and clear of any claims of plaintiff, the defendant to hold the plaintiff harmless from any obligation thereon.
The court awards the sum of $3000 in lump sum alimony to the plaintiff payable by the defendant within 100 days which sum is to compensate plaintiff for the purchase of all appliances and drapes and curtains in the 56 Squaw Rock Road residence.
In addition the court awards the plaintiff the sum of $65 per week alimony for a period of five years payable by the defendant which amount is non-modifiable as to time and amount. Such alimony, however, is to terminate upon the plaintiffs death, remarriage or cohabitation with an unrelated male as per state statute or the death of the defendant, whichever event shall first occur.
The court makes no other property award.
The court awards no counsel fees to either party.
Kocay, J.